Manuel MARTIN, Plaintiff-Appellant,

v.

UNITED FRUIT COMPANY, Defendant-Appellee.

No. 26, Docket 25597.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1959.

Decided Dec. 3, 1959.

Xavier N. Sardaro, New York City (Klein, Sardaro & Nolan, New York City, on the brief), for plaintiff-appellant.

Eugene Underwood, New York City (John J. Crowley, Michael J. Kenny and Burlingham, Hupper & Kennedy, New York City, on the brief), for defendant-appellee.

Before LUMBARD, WATERMAN and FRIENDLY, Circuit Judges

PER CURIAM.

Manuel Martin appeals from a jury verdict against him and in favor of the defendant, United Fruit Company, in an action arising out of injuries suffered by the plaintiff on December 11, 1956 while ship's carpenter on defendant's vessel, the S.S. Fra Berlanga, then docked at Golfito, Costa Rica. The complaint set forth two grounds for relief, one based upon the Jones Act, 46 U.S.C.A. § 688, and the other upon the unseaworthiness of the ship.

The evidence at trial showed that one of plaintiff's duties when the Fra Berlanga was docked was the opening of a porthole or "air port" so that a water hose might be passed from the pier through the porthole in order to replenish the ship's water supply. The air port was located in a door, known as a side port, which, when closed, formed a part of the ship's hull. The air port cover— a "deadlight"—was of cast steel, was hinged at its bottom to the side port, and, on being opened, swung inward and downward until it rested flat against the side port. When closed, the deadlight was secured by four swivel bolts located at the two, four, eight and ten o'clock positions. On the occasion of the accident plaintiff testified that he released all but the bolt located at the two o'clock position, and, finding that one jammed, he was obliged to use both his hands to move it. Upon the freeing of that bolt, the deadlight swung down and struck plaintiff on the forehead. Plaintiff also testified that the bolt was rusted or bent or that the deadlight or side port was bent or warped or corroded, so as to cause the bolt to stick. It was plaintiff's theory that the defendant was negligent in failing to have these conditions repaired and that the ship was unseaworthy because of their existence. Alternatively, plaintiff maintained that defendant was negligent in that the Chief Mate Lindsay, who was present at the time of the accident, failed to give the plaintiff proper instructions in the opening of the airport. Lindsay's trial testimony tended to refute the factual basis of each of plaintiff's contentions.

When the court submitted the case to the jury it submitted special interrogatories framed by it.

Plaintiff asserts that three errors were committed below. Plaintiff first maintains on this appeal that the trial judge erred in framing the issues in the first two of the seven interrogatories submitted to the jury.[1] The short answer to this contention is that since the plaintiff made no objection at the trial to the language of these interrogatories, but simply entered a general exception to the use of special questions in any form, he may not now be heard to object to their phrasing. The rationale of Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., which states that no party may assign as error an instruction unless he states "distinctly the matter to which he objects and the grounds of

1. The two interrogatories stated:

"1. Are you persuaded by a fair preponderance of the credible evidence that defendant's vessel was unseaworthy in that it lacked a safe air port?

"2. Are you persuaded by a fair preponderance of the credible evidence that the defendant was negligent in that it did not maintain the air port in a safe condition, or in that it did not provide the plaintiff with appropriate instructions or supervision?"

his objection," applies equally to the phrasing of interrogatories as it does to the form of any instruction. The objection here clearly failed to meet the test that it "should be specific enough to inform the trial judge of his alleged error so that he may have an opportunity to correct it." Waters v. Kings County Trust Co., 2 Cir., 1944, 144 F.2d 680, 682. But in any event the interrogatories were properly phrased. By their references to a safe air port the questions gave the jury a full opportunity to consider all matters going to the condition of the air port, including the plaintiff's contention, discussed by the trial court early in its charge, that if the side port were bent or rusted the two o'clock bolt might thereby be jammed.

The second error asserted by plaintiff is the court's failure to charge plaintiff's request number seven, concerning the conduct of Chief Mate Lindsay.[2] However, the court in its charge adequately discussed plaintiff's contention that the mate failed to give the plaintiff proper instructions for opening the air port or to warn him of the danger. Furthermore, the requested instruction was defective in that it contained no statement that, as a precondition to defendant's liability, the jury would have to find that the mate had notice that plaintiff was using an improper method to open the air port and had sufficient time to warn the plaintiff of this before the accident.

Finally, we reject the plaintiff's contention that the trial court committed error in not permitting the jury to determine whether the placement of the hinge at the bottom of the deadlight was an improper method of ship construction so as to make the vessel unseaworthy. Surely this is a technical matter in which an expert knowledge of nautical architecture is required in order to form an intelligent judgment. Since no expert

testimony was introduced, it was correct to exclude this matter from the jury's consideration. The court properly instructed the jury.

Affirmed.

---

2. The requested instruction stated:
"7. If the jury finds that the plaintiff adopted an improper or dangerous way of opening the deadlight, and the chief mate was present at the time and place and failed to stop or warn the plaintiff or direct him as to the proper and safe manner, then the jury must find the defendant was negligent and the verdict must be for the plaintiff."